NG KAM FOOK, Plaintiff,

v.

P. A. ESPERDY, as District Director of Immigration and Naturalization Service, New York District, Defendant.

62 Civ. 191.

United States District Court
S. D. New York.

Feb. 19, 1962.

Abraham Lebenkoff, New York City, Jules E. Coven, New York City, of counsel, for plaintiff.

Robert M. Morgenthau, U. S. Atty. for Southern District of New York, Roy Babitt, Sp. Asst. U. S. Atty., Southern

Rock Royal Co-op., 307 U.S. 533, 59 S.Ct. 993, 83 L.Ed. 1446.

District of New York, of counsel, for defendant.

METZNER, District Judge.

Defendant moves for summary judgment in this action for a declaratory judgment which seeks to review an order of the District Director of the Immigration and Naturalization Service, directing the deportation of the plaintiff to Hong Kong pursuant to a warrant of deportation.

Plaintiff is a Chinese seaman who jumped ship and, after a hearing, was ordered deported. Upon the issuance of the warrant of deportation, the plaintiff requested a stay pursuant to section 243 (h) of the Immigration and Nationality Act, on the ground that he would be subject to persecution if returned to the mainland of China. The stay was granted. He then applied for a special non-quota visa pursuant to 8 U.S.C.A. § 1255 (b), in which application he again claimed that he would be subject to persecution if returned to the Chinese mainland. This application was denied.

Section 243(a) of the Immigration and Nationality Act (8 U.S.C.A. § 1253(a)) sets forth the procedures that must be followed by the Attorney General in effecting the deportation of an alien. Step No. 1 provides that the alien shall be deported to a country designated by him if that country is willing to accept him. Step No. 2 contemplates the deportation of an alien to the country of which he is a subject national, or citizen, if such country is willing to accept him. If such country refuses to accept the alien, then deportation shall be effected as provided by Step No. 3. Step No. 3 allows for deportation to any one of 7 categories of countries within the discretion of the Attorney General.

The plaintiff has not indicated a country to which he desires to be deported. The Service has not made inquiry of the authorities on the Chinese mainland to see if they would accept plaintiff. Plaintiff claims that he is a subject national of the Chinese mainland and therefore his deportation may not be effected to Hong Kong because of failure to make this inquiry.

In United States ex rel. Tom Man v. Murff, 264 F.2d 926 (2d Cir. 1959), the court said at 928:

"We assume that he cannot be regarded as a 'subject national, or citizen' of the Communist Government, because we do not recognize that as more than a *de facto* government."

This country recognizes the government on Formosa as representing the country of which plaintiff is a subject national or citizen. Inquiry has been made of Formosa, which has refused acceptance of plaintiff. There thus remains Step No. 3, which has been adopted by the Attorney General in this case in arranging for plaintiff's deportation to Hong Kong.

The facts and the argument made on behalf of the plaintiff are similar to those present in Leong Leun Do v. Esperdy, 197 F.Supp. 604 (S.D.N.Y.1961). Even if inquiry could be made of the Chinese mainland, and acceptance resulted therefrom, this would be the last place that plaintiff would want to find himself. Plaintiff cannot subvert the purpose of section 243(a) with this "tongue-in-cheek" contention.

Motion granted. So ordered.