CHU LAM, A11 181 005 and Chan Bing Kwong, A11 629 187, Plaintiffs,

v.

P. A. ESPERDY, as District Director for the New York District, Immigration and Naturalization Service, United States Department of Justice, Defendant.

United States District Court
S. D. New York.
Sept. 18, 1962.

Edward Hong, New York City, for plaintiffs.

Robert M. Morgenthau, U. S. Atty., Southern Dist. of New York, for defendant; Roy Babitt, Sp. Asst. U. S. Atty., Southern Dist. of New York, of counsel.

METZNER, District Judge.

Defendant moves for summary judgment in this action for a declaratory

1

judgment seeking to review orders of the District Director of the Immigration and Naturalization Service directing the deportation of the plaintiffs to Hong Kong pursuant to warrants of deportation.

Plaintiffs have not submitted any papers in opposition to this motion.

The plaintiff Chu Lam is a Chinese seaman who remained in this country after the expiration of his shore leave. He was apprehended and after a hearing was ordered deported. This plaintiff claims that he is a native and citizen of China and was last a resident of the China mainland. He submitted an affidavit to the Immigration Service stating that he does not want to return to China, but he has refused to designate any country to which he would like to be sent.

He claims that the provisions of section 243(a) of the Immigration and Nationality Act (8 U.S.C.A. § 1253(a)) have not been complied with because of the failure of the defendant to make inquiry of the authorities on the China mainland as to whether they would accept him under the order of deportation. It is true that such inquiry was not made, but inquiry was made by the defendant of the government on Formosa, which refused to accept plaintiff. Plaintiff's deportation to Hong Kong was ordered after officials there advised that they would accept him.

Section 243(a) sets forth the procedures that must be followed by the Attorney General in effecting the deportation of an alien. Step No. 1 provides that the alien shall be deported to a country designated by him if that country is willing to accept him. If the alien fails to make a designation or if he does so and the designated country fails to advise that it will accept him into its territory, then the Attorney General must take Step No. 2. Step No. 2 contemplates the deportation of an alien to the country of which he is a subject national, or citizen, if such country is willing to accept him. If such country fails to advise that it will accept him, then deporta-

tion shall be effected as provided by Step No. 3. Step No. 3 allows for deportation to any one of seven categories of countries within the discretion of the Attorney General.

■■ The plaintiff Chu Lam failed to make a designation and therefore the question of compliance with Step 2 is in issue. The effect to be given to plaintiff's affidavit to the Immigration Service, stating that he does not wish to return to China, need not be considered. Cf. Leong Leun Do v. Esperdy, 197 F. Supp. 604 (S.D.N.Y.1961) and Ng Kam Fook v. Esperdy, 209 F.Supp. 637, (S.D. N.Y.1962). Plaintiff claims that he is a subject national of the China mainland and that under Step 2 the Attorney General must make inquiry of the authorities there. While it is true that the China mainland is a "country" to which an alien may be deported (United States ex rel. Leong Choy Moon v. Shaughnessy, 218 F.2d 316 (2d Cir. 1954)), it does not follow that plaintiff here is a "subject national or citizen" of that "country."

The United States does not recognize the government on the mainland of China but, rather, recognizes the Nationalist Government of China on Formosa as representing the country of which plaintiff is a subject national or citizen.

■ In United States ex rel. Tom Man v. Murff, 264 F.2d 926 (2d Cir. 1959), the court said:

"We assume that he cannot be regarded as a 'subject national, or citizen' of the Communist Government, because we do not recognize that as more than a *de facto* government." 264 F.2d at 928.

Since the plaintiff is not a subject national or citizen of the mainland of China, it was unnecessary to make inquiry, pursuant to Step 2, of the authorities of that "country." Step 2 was complied with when inquiry was made of Formosa. That country refused to accept plaintiff. The procedural steps provided by section 243(a) have been complied with in this case, and the motion as to this plaintiff must be granted.

In the claim asserted by plaintiff Chan Bing Kwong it is clear that there is no question but that the defendant has followed the procedures of section 243(a), since plaintiff is being sent to Hong Kong pursuant to his request. Motion granted.

So ordered.